IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH LEWIS, | ) |
| | ) 2:08-cv-02882-GEB-DAD |
| Plaintiff, | ) |
| | ) |
| v. | ) STATUS (PRETRIAL |
| | ) SCHEDULING) ORDER |
| CONNECTICUT GENERAL LIFE INSURANCE | ) |
| COMPANY, a Cigna Company; UNITED | ) |
| TECHNOLOGIES CORPORATION LONG TERM | ) |
| DISABILITY PLAN, | ) |
| | ) |
| Defendants. | ) |
|  | ) |

The status (pretrial scheduling) conference scheduled for March 30, 2009 , is vacated since the parties' Joint Status Report ("JSR") indicates that the following Order should issue.

### SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

No further service, joinder of parties or amendments to pleadings is permitted, except with leave of Court, good cause having been shown.

### DISCOVERY

Defendants shall file the administrative record no later than April 22, 2009. The parties dispute whether discovery outside

the administrative record should be allowed.  A party desiring discovery must file a motion that seeks specified discovery, and the factual and legal basis therefor, to be heard no later than May 18, 2009, at 9:00 a.m.

If discovery is permitted, all discovery shall be completed by October 15, 2009.  In this context, "completed" means all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.[1]

No expert witnesses will be allowed since the parties indicated in their JSR that they "do not contemplate using experts"; therefore, no disclosure date is provided.

## MOTION HEARING SCHEDULE

The last hearing date for motions shall be January 11, 2010, at 9:00 a.m.[2]

Motions shall be filed in accordance with Local Rule 78-230(b).  Opposition papers shall be filed in accordance with Local Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion</u>

---

[1] The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes.  <u>See</u> Local Rule 72-302(c)(1).  Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case.  A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a judge resolve discovery motions pursuant to the Local Rules.

[2] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

summarily. Brydges v. Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994). Further, failure to timely oppose a summary judgment motion may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate a genuine issue of material fact remains for trial. Cf. Marshall v. Gates, 44 F.3d 722 (9th Cir. 1995).

Absent highly unusual circumstances, reconsideration of a motion is appropriate only where:

    (1) The Court is presented with newly discovered evidence that could not reasonably have been discovered prior to the filing of the party's motion or opposition papers;

    (2) The Court committed clear error or the initial decision was manifestly unjust; or

    (3) There is an intervening change in controlling law.

A motion for reconsideration based on newly discovered evidence shall set forth, in detail, the reason why said evidence could not reasonably have been discovered prior to the filing of the party's motion or opposition papers. Motions for reconsideration shall comply with Local Rule 78-230(k) in all other respects.

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied. A motion in limine addresses the admissibility of evidence.

## PROPOSED FINDINGS/TRIAL BRIEF

Proposed findings and conclusions of law and trial briefs shall be filed no later than March 8, 2010 (trial briefs are optional since the applicable law should be included in the proposed findings and conclusions).

///
///

<u>If possible, at the time of filing the proposed finding and conclusions it shall also be emailed in a format compatible with WordPerfect to: geborders@caed.uscourts.gov</u>.

TRIAL SETTING

Trial is set for June 8, 2010, commencing at 9:00 a.m.

MISCELLANEOUS

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (Pretrial Scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause. Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause**.

IT IS SO ORDERED.

Dated: March 25, 2009

GARLAND E. BURRELL, JR.
United States District Judge